UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH MICHAEL DEVON ENGEL,          )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )   No. 4:20-cv-1620-NCC
                                     )
CO1, et al.,                         )
                                     )
        Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by Missouri State prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained below, plaintiff will be given leave to proceed *in forma pauperis*, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff initiated this action on or about November 9, 2020. He did not file a separate motion for leave to proceed *in forma pauperis*. However, in the complaint, he indicates he wants

"state and Corizon" to pay the fees associated with this action. He references the numerous civil actions he has filed and plans to file in this Court, and indicates the Department of Corrections will not provide him with any more copies of his inmate account statement. Liberally construed, plaintiff can be understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee, and he can also be understood to aver that he cannot provide a certified copy of his inmate account statement. Accordingly, the Court will grant plaintiff leave to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## II. Legal Standard on Initial Review

According to 28 U.S.C. § 1915(e)(2), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp.

"state and Corizon" to pay the fees associated with this action. He references the numerous civil actions he has filed and plans to file in this Court, and indicates the Department of Corrections will not provide him with any more copies of his inmate account statement. Liberally construed, plaintiff can be understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee, and he can also be understood to aver that he cannot provide a certified copy of his inmate account statement. Accordingly, the Court will grant plaintiff leave to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## II. Legal Standard on Initial Review

According to 28 U.S.C. § 1915(e)(2), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp.

458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits, or contains disrespectful or abusive language. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## III. The Complaint

The complaint spans over 150 pages. It is clear plaintiff intends to sue the Missouri Department of Corrections ("MDOC") and some of its institutions and divisions, along with numerous prison officials. It is also clear plaintiff intends to sue Corizon and numerous employees thereof. Plaintiff does not indicate the capacity in which he sues any of the individual defendants. Therefore, the Court interprets the complaint as asserting only official-capacity claims against them. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."). Most of the portions of the complaint in which plaintiff can be understood to attempt to assert claims for relief concern events and circumstances related to prison conditions. The Court liberally construes the complaint as a prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Plaintiff identifies the defendants in numerous lists that appear throughout the complaint. In addition to the defendants described above, the lists identify numerous individuals with generic titles such as "CO1," "FUM," "Caseworker," "IPO ERDCC," "Corizon LPN," "Governor," "Lt. Governor," "Asst Att General," "Senator," and "House Rep Missouri." Many of these titles are repeated across different lists, but the lists are not identical. Each list purports to name roughly 10 to 40 individuals and entities as defendants. Plaintiff also names defendants in shorter lists that are written in the margins and within the text of some pages. Next to each defendant's title, plaintiff writes the amount of monetary relief he seeks from that individual. These amounts range from tens of billions of dollars to hundreds of trillions of dollars. Because of the manner in which plaintiff has identified the individual defendants, it is not possible, as a practical matter, to quantify them. Additionally, the complaint does not contain sufficient facts to permit the identification of any defendant.

The majority of the complaint consists of plaintiff's bizarre demands for various forms of relief on his own behalf and on behalf of others, and equally bizarre descriptions of the manner in which he intends to spend the proceeds of this lawsuit. For example, plaintiff demands stocks in numerous companies; gold, silver, and diamonds; bit coin; scholarships for everyone in his family; farmland "for marijuana growing all across Missouri;" ownership of properties in the City of St. Louis that are currently not owned; Mercedes SUVs that are "bulletproof" and "bombproof," and a court order requiring the State of Missouri to fund new businesses in "all poor towns in Missouri" every other year and for local governments to grant "all permits & licenses all that good stuff in need in St. Louis City & County." Plaintiff further avers: "I want to open big department store for smoke shop, flashlights, vape shops all-in-one liquor store;" "want to start a chain of tattoo parlors all over Missouri hire ex-cons and surrounding areas states;" "I want to open a chain of restaurants around Jefferson, Franklin, Washington ... same thing with truck stops;" "want to buy Bank of America, Capitol One."

The remainder of the complaint consists of disjointed narratives concerning widely varying topics. It neither describes a valid theory of recovery, nor alleges facts from which the Court can discern a plausible claim against any person or entity. Instead, plaintiff entirely sets forth claims in a conclusory manner. For example, plaintiff claims Corizon and unidentified individuals refuse to treat health conditions including gastrointestinal symptoms, back pain, vision trouble, and hot and cold flashes. However, plaintiff does not describe any particular instance in which he requested and was denied medical care. Plaintiff claims prison guards commit assault and wrongfully use pepper spray, but he does not describe any particular instance in which this occurred. Plaintiff also claims unidentified individuals denied him unspecified religious accommodations, and wrongfully placed him on a meal loaf diet. Plaintiff claims inmates in segregated confinement are given only boxer shorts to wear, and he repeatedly states that MDOC officials subject people to "mind raping"

5

and have slandered him. Plaintiff claims he took Thorazine until he realized it was causing side effects, which he believes amounts to a violation of his civil rights. He claims an unidentified medical care provider gave him a medication that is known to cause diabetes, and states he is suing on his behalf and on behalf of everyone to whom the medication was given. He claims unidentified officials ignore the various needs of inmates in general. He repeatedly claims unidentified individuals require him to share a cell with Black inmates and inmates who have committed crimes against children, even though doing so violates his beliefs. Plaintiff repeatedly avers he is a sovereign citizen, and should therefore not be imprisoned or should receive special treatment while in prison.

Plaintiff purports to bring claims on his own behalf, and on behalf of other inmates. He also purports to include claims related to events that occurred outside the prison, perhaps before he was incarcerated. For example, he claims he visited his grandmother in the hospital and became angry when he saw she was strapped to her bed, so he beat up the nurse. On apparently another occasion when plaintiff was visiting his grandmother, he became upset and was told to leave by police officers. Plaintiff believes that amounted to a violation of his civil rights. Plaintiff claims entitlement to relief due to various infirmities in his state court criminal case, and provides copies or partial copies of documents related thereto. Also included is material written in handwriting that is different from plaintiff's, much of which is illegible.

Throughout the complaint, plaintiff uses unnecessary profanity. He also indicates he filed this lawsuit at least in part to avenge perceived mistreatment of inmates and the general public at the hands of government. For example, plaintiff writes: "The reason why I want to do this lawsuit like this cause its about giving back what Jefferson County has taking [*sic*] away from familys, [*sic*] citizens and now it's pay back time." Plaintiff also includes such statements as: "If this is not settled in a few months each one goes up 1 Billion Dollars."

## IV. Discussion

### A. Claims Against the State of Missouri

Plaintiff names the MDOC and divisions and facilities thereof as defendants. Such a suit is effectively a suit against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). The State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Additionally, the "Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second is where a State waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. Neither exception applies here. The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66 and *Quern v. Jordan*, 440 U.S. 332, 341

7

(1979). The second exception is inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

## B. Individual Defendants

Plaintiff seeks monetary relief from numerous individuals he identifies using only generic titles. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has made no specific factual allegations regarding any of the individual defendants identified by generic titles, such that their identities could be ascertained after reasonable discovery. Additionally, as explained above, it is unclear exactly how many fictitious defendants plaintiff intends to sue. This action therefore cannot proceed against the fictitious defendants. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Additionally, to the extent the individuals are employees or officials of the State of Missouri, plaintiff's claims are subject to dismissal. Official capacity claims against such individuals are actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, the official capacity claims against the State official defendants are actually claims against the State itself. However, as noted above, plaintiff cannot bring a claim for

damages against the State of Missouri under 42 U.S.C. § 1983 because the State is not a "person." *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

Plaintiff also names Corizon as a defendant in this matter, and can be understood to seek damages from unidentified Corizon employees in their official capacities. However, the complaint fails to state a claim against Corizon, or against any Corizon employee in an official capacity, because there are no allegations that a policy or custom of Corizon caused a violation of plaintiff's federally-protected rights. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Even if plaintiff had indicated an intent to sue individual defendants in an individual capacity, the complaint would be dismissed. Liability in a § 1983 case is personal, *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017), and a defendant can be held liable only for his or her own misconduct. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged conduct. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has alleged no facts permitting the inference that any individual did or failed to do anything that amounted to a violation of any of his federally-protected rights. Indeed, the only specific information plaintiff provides regarding each individual is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court

dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them). The complaint therefore fails to state a claim upon which relief may be granted against any individual.

### C. Conditions-of-Confinement Claims

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on those convicted of crimes. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). Conditions of confinement "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To state a plausible conditions-of-confinement claim, plaintiff must demonstrate both an objective and a subjective element. To satisfy the objective element, plaintiff must demonstrate he was confined in conditions that were sufficiently serious to pose a substantial risk of serious harm or deny him "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). To satisfy the subjective element, plaintiff must demonstrate that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he or she "knows of and disregards . . . a substantial risk to an inmate's health or safety." *Saylor v. Nebraska*, 812 F.3d 637, 645 (8th Cir. 2016).

Here, the complaint fails to present facts establishing either the objective or the subjective element. Rather than supporting the proposition that he is being held in unconstitutional conditions of confinement, plaintiff either describes conditions of insufficient severity or relies entirely upon conclusory statements that the Court is not required to accept as true. Plaintiff also fails to allege facts permitting the inference that any particular individual actually knew of, and deliberately disregarded, a substantial risk to his health or safety. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is

10

free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *see also Iqbal*, 556 U.S. at 678 and *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

### D. Claims on Behalf of Others

To the extent plaintiff purports to assert claims on behalf of others, the complaint is subject to dismissal. While federal law authorizes plaintiff to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, he lacks standing to bring claims on behalf of others. In addition, plaintiff is not an attorney licensed to practice law. Only a licensed attorney may represent another party's interests in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

### E. 28 U.S.C. § 1915(e)(2)(B)(i)

As noted above, this action is one of over one hundred and thirty (130) plaintiff has recently filed in this Court, alleging that his civil rights have been violated by the MDOC and divisions and facilities thereof, Corizon, and individual defendants identified by many of the generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's demands for relief are roughly the same as those in the instant action. It is therefore apparent that plaintiff initiated this action as part of a campaign of harassment through repetitive lawsuits, not to vindicate a cognizable right. Additionally, plaintiff states he intends this action to serve as a form of "pay back," and he makes liberal use of profanity that is unnecessary and

11

obviously included to shock and offend. It therefore appears this action is malicious, and subject to dismissal on this basis, as well. *See Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits, and also when it contains disrespectful or abusive language).

For all of the foregoing reasons, the complaint is subject to dismissal. In consideration of plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint, the Court concludes that it would be futile to direct him to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B), and will not grant plaintiff's request for the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of March, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

12